UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In Re:

Douglas W. Nifong, and                             Chapter 12
Melanie M. Nifong,                                 Case No. 17-13528

    Debtors.

**DEBTORS' SECOND AMENDED CHAPTER 12 PLAN OF REORGANIZATION**

<u>36-MONTH PLAN</u>
PAYMENTS TO BE PAID DIRECT BY DEBTORS

    Douglas W. Nifong and Melanie M. Nifong, the debtors herein (the "Debtors"), pursuant to 11 U.S.C. § 1121, hereby set forth the following as their proposed reorganization Plan:

A.    <u>SUBMISSION OF INCOME</u>

    The Debtors submit all of their projected disposable income to be received in a 36-month period beginning on the date that the first payment is due under this Plan, to be applied to make payments under this Plan. The Debtors shall pay to the Trustee the sum of **$3,775.00** commencing the first full calendar month after Confirmation of this Plan with successive monthly payments to be paid on the tenth (10th) day of each month thereafter for a total of 36 months, to be distributed by the Trustee under the Plan.

B.    <u>CLASSIFICATION AND TREATMENT OF CLAIMS</u>

    The claims against the Debtors are hereby classified as follows:

    **Class 1. Administrative Expenses.** Payments to the Trustee under this Plan shall be applied to provide for the payment of all costs of administration, including both the Trustee's fees and attorneys' fees to be paid to Krekeler Strother, S.C. ("Krekeler Strother"), counsel for the Debtors.

    a.    The Trustee will receive an additional amount that is sufficient to pay the Trustee fee in the amount as allowed by the U.S. Trustee from time to time with the maximum fee of 10% of Plan receipts to be paid to the Trustee upon distribution of funds.

    b.    The estimated amount of attorneys' fees to be paid to Krekeler Strother under this Plan is $10,000. Monthly payments of $278.00 each shall be distributed by the Trustee under the Plan. These fees shall only be paid upon approval of the Court.

**Class 2. Secured Claims.** With respect to each allowed secured claim provided for by the Plan, if the holder of such claim has not accepted the Plan;

(I) the holder of such claim shall retain the lien securing such claim until the earlier of –
  (aa) the payment of the underlying debt determined under nonbankruptcy law; or,
  (bb) discharge under section 1228; and,

(II) if this case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law.

Secured claims shall be paid pro rata unless otherwise expressly provided in this Plan.

a. <u>Wisconsin Bank and Trust.</u> Wisconsin Bank and Trust ("WBT") holds an allowed secured claim in the approximate amount of $140,000 secured by a second-position real estate mortgage on the Debtors' homestead located at 3516 S. Dickey Road, Orfordville, Wisconsin, 53576, the value of which is about $352,000.

  i. The Debtors shall make payments to WBT, for the first three (3) years through the Plan and thereafter directly to WBT, in equal monthly amounts of $733.00 for twenty-five (25) years upon confirmation of the Plan. This is based on interest at the rate of 4% per annum

  ii. The entire balance owed will be due and owing in full, 5 years from the date of the Order Confirming this Chapter 12 Plan.

  iii. WBT shall retain its lien securing its claim until such time as the allowed secured claim and interest thereon have been paid in full, at which time WBT shall execute documents reasonably necessary to release all liens or security interest in the Debtors' homestead.

b. <u>Seterus.</u> Seterus holds an allowed secured claim in the approximate amount of $212,000.00 secured by a first-position real estate mortgage on the Debtors' homestead located at 3516 S. Dickey Road, Orfordville, Wisconsin, 53576, the value of which is about $352,000.

  i. Seterus' claim is secured by a properly perfected mortgage, including a first-position mortgage on the Debtors' homestead property.

  ii. The Debtors shall make payments for the first three (3) years through the Plan and thereafter directly to Seterus, in equal monthly amounts of $1,023 for twenty-five (25) years upon confirmation of the Plan. This is based on interest at the rate of 3% per annum.

  iii. During the course of the loan term with Seterus, the Debtors shall maintain insurance on the real property and shall continue to list this claimant as a

lienholder/loss payee until the allowed claim plus interest has been paid in full.

c. <u>First Community Credit Union.</u> First Community Credit Union (FCCU) holds allowed secured claims in the approximate amount of $8,000.00 secured by a lien on the Debtors 2008 Ford F250 with a fair market value of $7,129.

   i. The Debtors shall make payments to FCCU, in equal monthly payments of $132.00, for five (5) years upon confirmation of this Plan. The payment to FCCU is based on FCCU's secured claim in the amount of $7,129.00 (the value of the collateral), amortized over five (5) years at the interest rate of 3.99% per annum. The monthly payment to FCCU in the amount of $132.00 shall be paid through the Plan for the first three (3) years and thereafter directly to FCCU.

   ii. FCCU shall retain its lien securing its claim until such time as the allowed secured claim and interest thereon have been paid in full, at which time FCCU shall execute documents reasonably necessary to release all liens or security interest in the Debtors' 2008 Ford F250.

   iii. During the course of the loan term with FCCU, the Debtors shall maintain insurance on the 2008 Ford F250 upon which FCCU claims an interest, and shall continue to list FCCU as a lienholder/loss payee until the allowed claim plus interest has been paid in full.

d. <u>Farmers & Merchant Bank.</u> Farmers & Merchant Bank ("F&M") holds a claim in the approximate amount of $193,000 secured by the Debtors 2006 Ford F350, 2008 Chevy Tahoe, 2003 Featherlite Trailer, and equipment. The total aggregate fair market value of the vehicles and equipment is $78,015.00, less $30,000 that Debtors intend to avoid the lien on, pursuant to UCC Financing Statements filed on April 11, 2011 as Filing No. 110004336723; UCC Financing Statement filed on May 12, 2011 as Filing No. 110005815625; UCC Financing Statement filed on May 6, 2014 at Filing No. 140005913927 and UCC Financing Statement filed on May 6, 2014 as Filing No. 140005916324. The amount of the secured claim is $48,015.00 ~~$52,221 ($70,365 less $30,000 plus $11,856 which is the amount of the $30,000 that will be secured by the IRS claim)~~

   i. The Debtors shall make payments to F&M through the Plan, for the first three (3) years and thereafter directly to F&M in equal monthly payments of $673.00 for an additional four (4) years upon confirmation of this Plan. The payment to F&M is based on F&M's secured claim in the amount of $52,221,00 (the value of its collateral, after lien avoidance), amortized over seven (7) years at the interest rate of 4.75% per annum.

   ii. F&M shall retain its lien securing its claim until such time as the allowed secured claim and interest thereon have been paid in full, at which time

    F&M shall execute documents reasonably necessary to release all liens or security interest in all of F&M's collateral.

   iii. During the course of the loan term with F&M, the Debtors shall maintain insurance on all of F&M's collateral, and shall continue to list F&M as a lienholder/loss payee until the allowed claim plus interest has been paid in full.

 e. <u>IRS.</u> IRS holds an allowed secured claim in the approximate amount of $29,179.00 secured by Debtors' personal property.

  i. The Debtors shall make payments to the IRS through the Plan, for the first three (3) years and thereafter directly to IRS in equal monthly payments of $538.00 for an additional two (2) ~~five (5)~~ years upon confirmation of this Plan. The payment to IRS is based on the IRS' secured claim in the amount of $29,179.00, amortized over five (5) years at the interest rate of 4% per annum.

  ii. The debt to the IRS is non-dischargable and will not be discharged if a discharge is ordered under 11 U.S.C§1228. The IRS shall retain its lien until the debt is paid in full.

**Class 3. Priority Claims.** The allowed priority claims, if any, and except as otherwise provided herein, shall be paid in full in thirty-six (36) months, including all interest and penalties thereon as may be required by law, upon payment in full of the allowed secured claims.

**Class 4. Unsecured Claims.** All of the allowed secured and priority claims described above shall be paid in full, except those claimants receiving set monthly payments shall receive no more than their allotted monthly payments during the term of this Plan. All remaining sums should be distributed to and upon unsecured claims.

C.  <u>OBJECTIONS TO CLAIMS AND ALLOWANCE OF CLAIMS.</u> The description of the anticipated treatment of claims does not constitute a waiver of the Debtor's right to object to claims or to file claims for creditors who fail to file such claims.

 1.  <u>Late-Filed Claims.</u> Late filed claims shall receive no payment except as may be consented to by the Debtors.

 2.  <u>Disallowed Claims.</u> The monthly payments by the Debtor to the Trustee will not be affected by the disallowance of a secured claim or by a reduction in the amount of a secured claim. Such sums as are specified for a secured creditor whose claim is disallowed or reduced shall be directed first to priority claims until paid in full and then to unsecured creditors.

D.  <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES.</u>

  The Debtors shall assume their cellular phone contract with US Cellular

E. **TITLE TO PROPERTY**

1. In order to provide an adequate means for implementation of this Plan, the Debtors shall retain their property in the estate. Title to the Debtors' personal property shall revert and vest in the Debtors upon confirmation of this Plan, subject only to the allowed secured claims identified in this Plan. Except as expressly provided herein, the Debtors shall have the right to buy, sell, or lease their assets, to obtain secured and unsecured credit, and to refinance their obligations without further order of this court. Should the Debtors sell any of their property which is subject to the liens of any claimholders, said claimholders shall release their liens upon the property being sold, provided the remaining balance due any such lienholder at the time of such sale is paid in full in the amounts provided herein.

2. Without further order of the Court, Debtors shall have the right to apply for all future governmental programs elected by the Debtors during the period of this Plan.

3. All outstanding judgment liens shall be satisfied upon the effective date of the Plan, and all pending suits shall be dismissed.

F. **LIQUIDATION ANALYSIS**

The Debtors believe that liquidation of their assets in Chapter 7 would produce no dividends for unsecured creditors because all of their nonexempt property is either fully secured by secured creditors or would be consumed by administrative expenses.

The Debtors' total payments to the Trustee under the Plan shall not be less than **$135,900** said sum representing monthly payments of **$3,775.00** commencing the first full calendar month after Confirmation of this Plan for thirty six (36) months. The Plan does not propose that the Debtors surrender any property to the holder of any secured claim or otherwise, except as expressly set forth herein.

Dated this 18th day of April, 2018.

By: _____
Attorney Jeffrey D. Friebert
SBN 1006561
Attorney for the Debtors
Douglas and Melanie Nifong

**ADDRESS:**
2901 West Beltline Highway
Suite 301
Madison, WI 53713

5

Douglas and Melanie Nifong
Bankruptcy Case No. 17-13528
AMENDED
LIQUIDATION ANALYSIS

| | FMV | Debt | | State Exemption | Equity |
|---|---|---|---|---|---|
| Farm | $ 352,000.00 | $ 220,000.00 | US Bank | | |
| | | $ 140,000.00 | Wisconsin Bank & Trust | | |
| | | $ 360,000.00 | | $ | - |
| | | | | | |
| Cash/Accounts | $ 547.93 | | | | |
| Household Goods | $ 3,430.00 | | | | |
| Me-do Meadows Cattle Boarding | $ - | | | | |
| DWN Hooftrimming | $ - | | | | |
| Retirement | $ 12,426.97 | | | | |
| Whole Life Insurance (2 policies) | $ 958.05 | | | | |
| Term Life Insurance | $ - | | | | |
| | $ 17,362.95 | $ 29,179.00 | Irs Tax Lien | $ | - |
| | | | | | |
| Equipment | $ 62,350.00 | | | | |
| 2008 Chevy Tahoe | $ 7,737.00 | | | | |
| 2006 Ford | $ 7,928.00 | | | | |
| | $ 78,015.00 | $ 165,464.00 | F&M Bank | $ 30,000.00 | - |
| | | | | | |
| 2008 Ford F250 | $ 7,129.00 | $ 8,416.23 | FCCU | $ | - |

Less: Estimated Priority/Admin Claims  $2,877.00
Total $ (2,877.00)

# 3 Year Cash Flow Projection
## Nifong 17-13528
### Amended 4/18/2018

| Income | | 2018 | 2019 | 2020 |
|---|---|---:|---:|---:|
| | L'Occitane, Inc. | 85,000.00 | 86,500.00 | 88,000.00 |
| | Hoof Trimming Business | 52,000.00 | 53,500.00 | 55,000.00 |
| | Decatur Milk Check | 17,000.00 | 17,500.00 | 18,500.00 |
| | Cattle Boarding | 47,500.00 | 50,000.00 | 52,000.00 |
| | Total Income | $ 201,500.00 | $ 207,500.00 | $ 213,500.00 |
| **Expenses** | | | | |
| | Fuel | 8,000.00 | 9,000.00 | 10,000.00 |
| | Feed/Bedding | 18,000.00 | 19,000.00 | 19,500.00 |
| | DHIA/Holstein | 2,000.00 | 2,000.00 | 2,000.00 |
| | Vet/Semen | 7,000.00 | 7,000.00 | 7,000.00 |
| | Customer Hire | 1,000.00 | 1,200.00 | 1,400.00 |
| | Insurance Expense ALL | 16,000.00 | 16,500.00 | 17,000.00 |
| | Dairy Supplies | 9,000.00 | 11,000.00 | 13,000.00 |
| | Hooftrimming Supplies | 7,200.00 | 7,200.00 | 7,200.00 |
| | Office/postage | 1,000.00 | 1,000.00 | 1,000.00 |
| | Repairs/maintenance | 8,000.00 | 8,500.00 | 9,000.00 |
| | Electric/waste | 5,100.00 | 5,200.00 | 5,300.00 |
| | Professional Fees | 3,000.00 | 3,000.00 | 3,000.00 |
| | Telephone/cable | 2,740.00 | 2,740.00 | 2,740.00 |
| | Income taxes | 11,360.00 | 12,000.00 | 13,000.00 |
| | Family Living (see attached) | 57,084.00 | 57,084.00 | 57,084.00 |
| | Total Expenses | $ 156,484.00 | $ 162,424.00 | $ 168,224.00 |
| | Net Income | $ 45,016.00 | $ 45,076.00 | $ 45,276.00 |
| | Monthy Income | $ 3,751.33 | $ 3,756.33 | $ 3,773.00 |

|  | Monthly | Yearly |
|---|---|---|
| Food | $ 1,135.00 | $ 13,620.00 |
| Tobacco | $ 125.00 | $ 1,500.00 |
| Recreation | $ 250.00 | $ 3,000.00 |
| Transportation | $ 700.00 | $ 8,400.00 |
| Personal Care | $ 200.00 | $ 2,400.00 |
| Laundry/Clothes | $ 150.00 | $ 1,800.00 |
| Child's School/sports | $ 140.00 | $ 1,680.00 |
| Dr/Dentist | $ 417.00 | $ 5,004.00 |
| Electric/waste | $ 350.00 | $ 4,200.00 |
| Telephone/Cable | $ 230.00 | $ 2,760.00 |
| Student Loans | $ 190.00 | $ 2,280.00 |
| Income Tax | $ 870.00 | $ 10,440.00 |
|  |  | $ 57,084.00 |